(86 South. 213)

### Ex parte MORRIS.

### MORRIS v. GOLDMAN.

(6 Div. 989.)

(Supreme Court of Alabama.  Nov. 27, 1919.)

**Pleading ⬥30—Use of word "her" held clerical error for "hire."**

In a count charging that defendant, bailee for "her," received a certain rug, the word "her" should be treated as a clerical misprision for "hire," in view of· the fact that defendant's demurrer proceeded upon that ground.

Certiorari to Court of Appeals.

Petition of Joseph J. Morris, individually and doing business as the Southern Steam Carpet Cleaning Company, for certiorari to the Court of Appeals to review and revise the judgment of said court rendered in the case of Southern Steam Carpet Cleaning Co. v. Mrs. Godfrey Goldman, 84 South. 478. Writ denied.

Count AA is as follows:

"Plaintiff claims of the defendant the sum of $300 as damages, for that heretofore, on, to wit, the ——— day of July, 1917, the more particular time being to the plaintiff unknown, the defendant bailee for her received from plaintiff a certain oriental rug, to be redelivered to plaintiff within a reasonable time, to wit, one week, and defendant so negligently conducted· itself in and about its duties as said bailee that it did not have and has not returned said oriental rug."

Richard H. Fries and Hugh Morrow, both of Birmingham, for appellant.

A gratuitous bailee is only liable for gross negligence. 29 Ala. 265.  An ordinary bailee is only held to such diligence as he gives his own business affairs. 46 Ala. 293; Cooley on Torts, 131.  A defendant may show his good faith, for the same reason that a plaintiff may show aggravated circumstances, in an action for damages. 13 Cyc. 121.  A complaint which does not contain a substantial cause of action will not support a judgment. 198 Ala. 445, 73 South. 818; 131 Ala. 220, 31 South. 566; 113 Ala. 402, 21 South. 938. If the judgment is for a greater amount than is sued for, it will be reversed. 1 Ala. 89; 1 Stewart, 79.

Beddow & Oberdorfer, of Birmingham, for appellee.

No brief reached the reporter.

PER CURIAM. While we think that this writ should be denied, and that the result reached by the Court of Appeals is correct, we prefer treating count AA as averring that the defendant was a bailee for hire.  In other words, we think that the use of the word "her," instead of "hire," should be treated as a clerical misprision, in view of the fact that the defendant's demurrer proceeded upon this theory, especially grounds 2 and 3.

The writ is denied.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.